UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAP ONE INC., | No. 2:19-cv-01911-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| MV SIERRA ROSE, Official Number 1177228, her engines, tackle, apparel, furniture, equipment, and appurtenances, et al., | |
| Defendants. | |

This matter was referred to the undersigned under Local Rule 302(c)(3). Before the court is plaintiff Cap One, Inc.'s request for an order authorizing the issuance of a warrant for the arrest of defendant MV Sierra Rose, Official Number: 1177228, her engines, tackle, apparel, furniture, equipment, and appurtenances, in rem ("the Vessel"), which Vessel is the subject of the instant admiralty action for the foreclosure of a preferred maritime mortgage, and plaintiff's separate motion to adopt a substitute custodian.

**I.    Notice of Request for Review in Accordance with Supplemental Rule C (ECF No. 2)**

Plaintiff requests the court to review the verified complaint and enter an order directing the Clerk of Court to issue a warrant for the arrest of the Vessel, which "is located alongside dock at Tahoe Keys Marina, Slip No. A104, 2435 Venice Dr. E, South Lake Tahoe, California within the Admiralty jurisdiction of this Court. (ECF No. 2 at 1.)

1

"An action in rem may be brought . . . [t]o enforce any maritime lien." Fed. R. Civ. P. Supp. Adm. Rule C(1)(a). To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel "with reasonable particularity" and states that the vessel "is within the district or will be within the district while the action is pending." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2); see also Madeja v. Olympic Packers, LLC, 310 F.3d 628, 637 (9th Cir. 2002). If the plaintiff meets these conditions, the district court must take the boat into custody—unless the plaintiff requests otherwise—by issuing an arrest warrant to be served by the marshal. See Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)–(b), E(3)(b). The arrest warrant should issue "upon a prima facie showing that the plaintiff has an action in rem against the defendant . . . and that the property is within the district." Fed. R. Civ. P. Supp. Adm. Rule C, Advisory Committee Notes to 1985 Amendment.

The court has reviewed the verified complaint and related documents filed in accordance with the requirements of Rule C(3) of the Supplemental Rules for Admiralty and Maritime Claims. The verified complaint describes the Vessel with particularity and establishes that it is currently located within the Eastern District of California at Tahoe Keys Marina, Slip No. A104, 2435 Venice Dr. E, South Lake Tahoe, California. It appears that plaintiff has made a prima facie showing that an action in rem exists to support the issuance of an arrest warrant for the MV Sierra Rose. Because plaintiff has made a prima facie showing that the conditions for a maritime in rem action exists, the requested vessel arrest warrant must issue.

**II.    Motion to Adopt a Substitute Custodian (ECF No. 3)**

Separately, plaintiff requests the court to enter an order appointing Resource Management & Development, Inc. as substitute custodian of the vessel MV Sierra Rose, Official Number 1177228. (ECF No. 3.) Resource Management & Development has consented to assume responsibility of safekeeping the Vessel and to act as her custodian under further order of this court. (Id. at ¶ 4.)

In the interest of allowing the Vessel and equipment to remain in the hands of a competent person and to save unnecessary expenses, the court grants plaintiff's request to appoint the following substitute custodian of the Vessel:

1 | Resource Management & Development, Inc.
2 | P.O. Box 70458
  | Reno, NV 89570

("Substitute Custodian"). Substitute Custodian will charge a rate consistent with its normal rates for the custodial care of vessels as represented in Exhibit A attached to the motion to appoint a substitute custodian. (See ECF No. 3-1 at 2.)

Plaintiff and Resource Management & Development in consideration of the Marshal's consent to the substitution of custody of the Vessel, have agreed to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, from the time the Marshal transfers custody of the Vessel over to the Substitute Custodian, and Plaintiff and Resource Management & Development further agree to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of Substitute Custodian's possession and safekeeping of the Vessel. (ECF No. 3 at ¶ 6.) The Substitute Custodian has also represented that it carries adequate liability insurance. (ECF No. 3 at ¶ 5.)

**III.    Conclusion**

For the reasons discussed above and set forth in the plaintiff's moving papers, IT IS HEREBY ORDERED that:

1. In accordance with Supplemental Rule C(3)(a), the Clerk of Court is authorized to issue a warrant for the arrest of the MV Sierra Rose attached at document 2-2. The Clerk of Court is directed to deliver the warrant, together with this order, to the United States Marshal for execution.

2. The United States Marshal, upon receipt of the warrant and appropriate process, shall execute the warrant for arrest against the MV Sierra Rose, her engines, tackle, apparel, furniture, equipment, and appurtenances, by affixing a copy of this order and of the summons and verified complaint, in a conspicuous place aboard the Vessel, and by leaving a copy of the same with the master or other person having possession of said Vessel.

3. The United States Marshal is authorized and directed to surrender the possession and custody of the Vessel to Resource Management & Development and that upon such surrender the

Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless for any and all claims arising whatsoever out of said substituted possession and safekeeping of the MV Sierra Rose.

4. Resource Management & Development is appointed the custodian of the Vessel and shall retain the same in its custody for possession and safekeeping for the compensation outlined herein until further order of the court.

5. All United States Marshal's costs shall be paid prior to the release of the Vessel.

6. The Substitute Custodian must sign a receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof. (<u>See</u> ECF No. 3-2 at 6.)

7. The MV Sierra Rose is allowed to be moved from the location of arrest and attachment to the premises of Resource Management & Development, or elsewhere, within this District as Substitute Custodian deems proper and necessary, in order to accommodate the orderly business of the Substitute Custodian and safekeeping of the Vessel. However, the Vessel may not be transported outside of the Eastern District of California and it shall remain here at all times.

8. The Substitute Custodian shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody.

9. Plaintiff's counsel shall serve the owner of the Vessel with a copy of this order.

Dated: December 11, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 capone1911.order