1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAP ONE, INC., | No. 2:19–CV-01911 TLN CKD |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (ECF No. 27) |
| MV SIERRA ROSE, et al., | |
| Defendants. | |

Plaintiff Cap One, Inc., moves the court for default judgment in rem against defendants MV Sierra Rose ("the Vessel") and Sierra Rose LLC, the owner of the Vessel. (ECF No. 27.) By this motion, plaintiff seeks foreclosure and sale of the Vessel to satisfy the preferred mortgage in default. Plaintiff further requests an award of costs and attorneys' fees. The motion is unopposed. This matter was deemed appropriate for decision without oral argument.

**I. BACKGROUND**

Plaintiff and Aroy LLC, as "Lenders," and defendant, Sierra Rose LLC,[1] entered into a financing agreement for the construction of the Vessel by the terms of which the Lenders would advance funds as needed for the construction of the Vessel up to the amount of four million

---

[1] Further unspecified references to "defendant" or "defendant LLC" refer to Sierra Rose LLC.

dollars ($4,000,000.00). (ECF No. 28 [Woolsley affidavit] at ¶ 3.) Defendant executed, delivered and filed a First Preferred Ship Mortgage ("Mortgage") in favor of Lenders pledging the Vessel as security for said financing. (Id. at ¶ 4 & Exhibit 1.) Subsequent to April 17, 2006, plaintiff, by assignment of interest from Aroy LLC, became holder in due course of all of Lenders' interest in the Mortgage. (ECF No. 1 [Complaint] at ¶6.)

On or about May 18, 2011, the parties entered into a restatement of debt entitled Amended Secured Promissory Note ("Amended Note"). By the terms of the Amended Note, the Vessel continued as security for the financing agreement and defendant agreed to pay plaintiff three hundred and fifty thousand dollars ($350,000.00) which represented the outstanding balance of funds advanced to defendant in construction of the Vessel under the prior financing agreement. (ECF No. 1 at ¶8.) The Amended Note provided for late charges, annual default interest in the amount of 14% per year on the unpaid funds and, in the event of default, payment of attorney fees and court costs. (Id. at ¶¶ 9-10; see also ECF No 28 at ¶¶ 6-7.)

Plaintiff initiated this action on September 19, 2019 with the filing of a verified complaint. (ECF No. 1.) Plaintiff claims that defendant breached the terms of the financing agreement and the Amended Note by failing to pay. Defendant thereafter failed to cure said defaults. (Id. at ¶¶ 11-12.)

On December 11, 2019, the court authorized a warrant for the arrest of the Vessel and appointed Resource Management & Development as the substitute custodian of the Vessel. (ECF No. 12.) On July 22, 2020, the United States Marshal arrested the Vessel and turned over custody to the substitute custodian. (ECF No. 15.) Notice of the arrest of the Vessel was published (ECF No. 19) and no one has appeared to claim the Vessel. On March 1, 2021, at plaintiff's request, the Clerk entered default as to the Vessel and defendant LLC. (ECF No. 22.)

Plaintiff filed this motion for default judgment on May 28, 2021. Plaintiff seeks default judgment, foreclosure and an order of sale of the Vessel, with proceeds applied to pay plaintiffs the demands and claims, and an award against defendant LLC for any deficiency. (ECF No. 27.) Plaintiff claims defendant owes plaintiff the outstanding balance of $350,000.00, plus interest and late charges, totaling $848,062.53 as of June 1, 2021, with interest continuing to accrue on the

loan at the rate of $136.11 per day. (ECF No. 1 at ¶¶ 8, 13; ECF No. 28 at ¶¶ 10-11.)

**II.  DISCUSSION**

### A.  Default Judgment Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

### B.  Procedural Requirements for Default Judgment In Rem

Before assessing the merits of a default judgment in an in rem action brought pursuant to 46 U.S.C. § 31342(a), a court must confirm that it has subject matter jurisdiction over the case

3

and in rem jurisdiction over the defendant, as well as ensure the adequacy of service upon those who may have an interest in the defendant. See Crescent City Harbor Dist. v. M/V Intrepid, No. 08-1007 JCS, 2008 WL 5211023, at *2-3 (N. D. Cal. Dec. 11, 2008). This court may grant a default judgment if the requirements in Local Rule 540 ("Default in Actions In Rem") are met, such that (1) notice has been given as required by Local Rule 530; (2) the time to answer has expired; and (3) no one has appeared to claim the property and give security. See Local Rule 540.

### 1. Jurisdiction

"[T]he holder of a maritime lien has "the right to proceed in rem directly against the vessel" that is the fictional cause of the loss. Ventura Packers, Inc. v. F/V Jeanine Kathleen, 424 F.3d 852, 858 (9th Cir. 2005). "When suit is brought in federal court to execute a maritime lien against a vessel, Rule C of the Supplemental Rules of Federal Rules of Civil Procedure permits a district court to 'issue an order directing the clerk to issue a warrant for the arrest of the vessel... that is the subject of the action.'" Ventura Packers, Inc., 424 F.3d at 858, citing Fed. R. Civ. P. Supp. C(3) (Supplemental Rules for Certain Admiralty and Maritime Claims). "In the usual course, in rem jurisdiction is obtained by serving a warrant of arrest pursuant to Supplemental Rule C(3)." Ventura Packers, Inc., 424 F.3d at 858.

This court has jurisdiction over this action under 28 U.S.C. § 1333 which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333. This court has in rem jurisdiction over the Vessel because it is located in the Eastern District of California (ECF No. 1 at 2), it was "arrested pursuant to maritime process," and "the warrant[ ] w[as] successfully served" (ECF No. 15). Ventura Packers, 424 F.3d at 858.

### 2. Service and Notice

Service of the summons and complaint was made on the Vessel by posting in a conspicuous place on the Vessel. (ECF No. 11 at 3.) Service was made upon defendant LLC by personally delivering the Summons and Complaint to defendant's Registered Agent, F. DeArmond Sharp (ECF No. 9 at 3), and by personally serving defendant's managing member, Michael B. Stewart. (ECF No. 10 at 3.) Plaintiff knows of no other interested parties. (ECF No. 8.) Accordingly, it appears that proper service was made.

4

Federal Rule of Civil Procedure Supplemental Rule C(4) mandates that a plaintiff "give public notice of the action and arrest [of the vessel] in a newspaper designated by court order and having general circulation in the district.... The notice must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer." Fed. R. Civ. P. Supp. C(4).

For in rem actions in which a plaintiff seeks a default judgment, Local Rule 540 also requires that notice of the action and arrest of the property be given as follows:

> (1) By publication, see Local Rule 530;
>
> (2) By personal service on the person having custody of the property;
>
> (3) If the property is in the hands of a law enforcement officer, by personal service on the person having custody before its possession by law enforcement agency or officer; and
>
> (4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provide, however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

Local Rule 540(a).

The court has reviewed the Statement of Publication and finds the notice complies with Federal Rule of Civil Procedure Supplemental Rule C(4) and the Local Rules.[2] (See ECF No. 19.) Notice of the action and of the warrant for arrest was served to Michael B. Stewart, Managing Member of defendant LLC, by certified mail on July 1, 2020. (ECF No. 14.) The court finds the requirements of Local Rule 540 are satisfied as plaintiff provided notice in accordance with Local Rule 530, the time to answer has expired, and no one has appeared.

In an in rem action to enforce a maritime lien, "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest. . . within 14 days after the execution of process or within the time

---

[2] The court's order filed November 25, 2020 ordered the Notice of Action in Rem and Arrest to be published in the Tahoe Daily Tribune once weekly for three (3) weeks beginning on 12/4/2020 and ending on 12/28/2020. This appears to have been a typographical error that should have read "for three (3) weeks beginning on 12/4/2020 and ending on 12/18/2020." (See ECF No. 18.)

1    that the court allows." Fed. R. Civ. P. Supp. C(6)(a)(i). "A person who asserts a right of

2    possession or any ownership interest must serve an answer within 21 days after filing the

3    statement of interest or Right." Fed. R. Civ. P. Supp. C(6)(a)(iv). Here, the U.S. Marshal executed

4    the warrant on July 22, 2020. (ECF No. 15.) The time allowed for any claimant to file a verified

5    statement of right or interest has passed, and thus there is no one who can file an answer.

6    Accordingly, the court considers whether a default judgment is appropriate based on the Eitel

7    factors.

8            **B.  Eitel Factors**

9                    **1.  Possibility of Prejudice to Plaintiff**

10           The first factor considers whether the plaintiff would suffer prejudice if default judgment

11   is not entered. Such potential prejudice to the plaintiff militates in favor of granting a default

12   judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal.

13   2002). Plaintiff filed suit on September 19, 2019, and defendants have failed to respond to

14   plaintiff's complaint or otherwise put forth a defense in this action. The present litigation

15   therefore cannot move forward, prejudicing plaintiff by leaving no recourse other than to seek a

16   default judgment. Accordingly, the first factor weighs in favor of entering default judgment.

17                   **2.  Merits of the Substantive Claim and the Sufficiency of the Complaint**

18           The court considers the merits of plaintiff's substantive claim and the sufficiency of the

19   complaint together due to the relatedness of the inquiries. The court must consider whether the

20   allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See

21   Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

22           Plaintiff alleges it is the holder in due course of a preferred ship mortgage covering the

23   Vessel. (ECF No. 1 at ¶¶ 6-7.) Plaintiff further alleges (1) defendant has defaulted on its

24   obligations, (2) plaintiff has complied with all requirements to foreclose on the Vessel, and (3)

25   plaintiff therefore has a valid claim for remedies and priorities as provided under 46 U.S.C. §

26   31325. Taking the well-pleaded factual allegations in the complaint as true, plaintiff has

27   demonstrated it has a valid maritime lien over the Vessel. Plaintiff has provided the court with

28   signed copies of the Mortgage and the Amended Note. (See ECF No. 1-1, 1-2.) These documents

6

1    prove the existence of a valid lien, and plaintiff therefore has a right to recovery under 46 U.S.C.

2    § 31325.

3                               **3.  The Sum of Money at Stake**

4           Under the fourth factor cited in <u>Eitel</u>, "the court must consider the amount of money at

5    stake in relation to the seriousness of defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at

6    1176-77; <u>see also</u> <u>Philip Morris USA, Inc. v. Castworth Prods., Inc.</u>, 219 F.R.D. 494, 500 (C.D.

7    Cal. 2003). This requires the court to assess whether recovery sought is proportional to the harm

8    caused by defendants' conduct. <u>See</u> <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 2d 998, 1012 (C.D.

9    Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or

10   unreasonable in relation to defendant's conduct"). Here, plaintiff seeks principal plus interest and

11   late charges in the amount of $848,062.53 as of June 1, 2021, with interest continuing to accrue

12   on the loan at the rate of $136.11 per day. (ECF No. 28 at ¶¶ 10-11.) Plaintiff provides an

13   affidavit setting forth the unpaid principal balance, accrued interest, and late fees. (<u>See</u> ECF No.

14   28 at ¶ 10.) While this amount is substantial, plaintiff seeks reimbursement for expenses incurred,

15   plus interest and charges, and has established an entitlement to this sum by sufficient proof.

16   Accordingly, this factor weights in favor of granting the default judgment.

17                  **4.  The Possibility of a Dispute Concerning Material Facts**

18          The court may assume the truth of well-pleaded facts in the complaint following the

19   clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists.

20   <u>See, e.g.</u>, <u>Elektra Entm't Group Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal. 2005)

21   ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters

22   default judgment, there is no likelihood that any genuine issue of material fact exists"); accord

23   <u>Philip Morris USA, Inc.</u>, 219 F.R.D. at 500; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. There is no

24   indication that there are material facts in dispute. As set forth, plaintiff has provided copies of the

25   signed Mortgage and the Amended Note and has provided an affidavit setting forth the interest

26   and late charges. As such, this factor weights in favor of default judgment.

27   ////

28   ////

**5.  Whether the Default Was Due to Excusable Neglect**

The record contains no indication that defendant's default was due to excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Despite having been served with plaintiff's complaint and the motion for default judgment, and despite receiving notice of the arrest of the Vessel, defendant has failed to respond. Accordingly, this Eitel factor favors the entry of a default judgment.

**6.  The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Accordingly, although the court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment.

**7.  Recommendation**

Taken together, the Eitel factors support granting the request for default judgment. It is therefore recommended that a default judgment be entered.

**C.  Remedies**

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered and issue findings of fact as to damages. See Craigslist, Inc., 694 F. Supp. 2d at 1061; Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414

(9th Cir. 1990). Once "[i]njury is established[,]... plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." See Philip Morris USA, Inc., 219 F.R.D. at 498. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff seeks entry of default judgment against the Vessel and requests (a) that plaintiff be adjudged the holder of the Mortgage on the Vessel for the payment of the judgment in rem; (b) that the lien of the Mortgage be declared to be superior to all other liens which may exist against the Vessel; (c) that the Mortgage be foreclosed and that the Vessel, her engines, tackle, apparel, furniture, appurtenances and equipment be sold with the proceeds of the sale applied to pay the demands and claims of plaintiff, and that any other claims of interest in the Vessel be forever foreclosed; (d) that, at the sale of the Vessel, plaintiff be permitted, but not required, to credit bid without cash deposit up to the extent of its judgment; and (e) that plaintiff be awarded as against defendant LLC any deficiency after the application and delivery of the net proceeds of sale of the Vessel, her engines, tackle, etc., on the judgment requested herein. (ECF No. 27 at 8.)

In both the complaint and the motion, plaintiff seeks the outstanding balance of $350,000.00, plus interest and charges. As of June 1, 2021, this sum totals $848,062.53 with interest continuing to accrue on the loan at the rate of $136.11 per day. (ECF No. 1 at ¶¶ 8, 13; ECF No. 28 at ¶¶ 10-11.)

The court finds the request for damages is appropriate and sufficiently documented with one exception. Plaintiff's motion for default judgment requests late charges or collection charges in the amount of $42,690.28 over and above the $848.062.53 total of unpaid principal and interest. (See ECF No. 27 at ¶¶ 2, 3.) However, the affidavit of Karen L. Woosley indicates the $42,690 figure is already included in the $848.062.53 total. (See ECF No. 28 at ¶ 10e.) In addition, the demand for judgment in the complaint did not request a separate sum for late charges. (See ECF No. 1 at 3-4.) The court cannot grant plaintiff relief not originally sought in the complaint. Accordingly, the court declines to find that judgment for an additional sum of $42,690 is supported and appropriate.

////

The court finds that ordering the U.S. Marshal to sell the Vessel in accordance with Local Rule 570 is an appropriate way to accomplish foreclosure of the lien. Pursuant to Local Rule 570, notice of the sale of the property should be published daily in accordance with Local Rule 171 for a period of four days before the sale. The court finds the Tahoe Daily Tribune is appropriate for publication because "it is nearest in proximity to the location at which the subject vessel was arrested" (ECF No. 18 at 1) and the Vessel is being stored at the Tahoe Keys Marina in South Lake Tahoe, California (ECF No. 15 at 2).

The court further finds it appropriate that plaintiff be permitted, but not required, to credit bid without cash deposit up to the extent of its judgment. Although Local Rule 570 ordinarily requires immediate payment of either the full purchase price or 10 percent of the bid, the rule also provides the court "may specify different terms in any order of sale." Local Rule 570(b). Accordingly, it will be recommended the order for final sale allow plaintiff to "credit bid" as requested.

**D. Attorneys' Fees and Costs**

Plaintiff seeks an award of attorneys' fees in the amount of $9,785.00 and costs in the amount of $6,079.41 (ECF No. 29 at 2). In this case, the terms of the Mortgage provided for both attorneys' fees and costs in the event of default. (ECF No. 26 at ¶ 6.) In light of the contractual provision in the Mortgage for attorneys' fees and costs, both are recoverable in this in rem action. See General Elec. Credit Corp. v. O/S Triton VI, 712 F.2d 991, 994 (5th Cir.1983) ("Th[e] general rule [that that attorney's fees and costs, when stipulated in the mortgage contract, may be validly recovered] has been applied without comment in numerous preferred ship mortgage foreclosure cases.").

Plaintiff's counsel has submitted a declaration in support of the request for award of attorneys' fees and costs. Counsel states he has approximately 30 years of legal experience concentrating in commercial and complex litigation and construction law. (ECF No. 23 at ¶ 27.) The declaration provides the firm's billing rates for his hours ($500) and the hours spent on this matter (19.25), which, together, result in a lodestar amount of $9,785.00.

////

Plaintiff also submits an itemized bill of costs for $6,079.41. The bill of costs conforms to 28 U.S.C. § 1924 and Local Rule 292.

The court finds attorney hours claimed in the amount of 19.25 is reasonable with respect to the number of hours expended on this litigation. A court should generally defer to counsel's professional judgment as to how much time was spent on the case. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). The court does not find the time claimed to be excessive, redundant, or otherwise unnecessary. Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988).

The court additionally finds the hourly rate billed to plaintiff is not unreasonable. In assessing fee applications, the reasonable hourly rates are calculated according to the prevailing market rates in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'") (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). Typically, the "relevant legal community" is the forum district and the local hourly rates for similar work should normally be employed. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (2013).

The hourly rate paid for plaintiff's attorney's fees was $500, as demonstrated by the invoices submitted in support of the request. Although plaintiff does not demonstrate that an hourly rate of $500 is typical for similar work in this district, and although this case was not unusually complex, the requested $500 rate is within the range of rates ordinarily awarded for complex commercial matters litigated in this district. See Linde, LLC v. Valley Protein, LLC, No. 1:16-cv-00527-DAD-EPG, 2019 WL 4879206, at *5 (E.D. Cal. Oct. 3, 2019) (citing collected cases and awarding fees at an hourly rate of $500 to partners with experience between 20 and 30 years in an action on a contract). Because the hourly rate charged to plaintiff and requested herein is not unreasonable, it is recommended the court award attorneys' fees as requested.

////

11

1      **E.  Request for Future Collection Costs**

2      Plaintiff requests judgment against defendant for "[a]ny and all legal fees and collection

3  costs incurred in the future enforcement of this court's judgment, including reasonable attorneys'

4  fees and other collection costs as the court may award from time to time upon application by

5  plaintiff[.]" (ECF No. 27 at ¶ 8.) Plaintiff cites no authority for an award of future, post-judgment

6  collection costs. Plaintiff does not assert the express contact terms in the Mortgage or the

7  Amended Note provide for such fees or costs. It is therefore recommended the request be denied

8  at this time. See, e.g., Gervais v. O'Connell, Harris & Assoc., Inc., 297 F.Supp.2d 435, 440 n.1

9  (D. Conn. 2003) (declining to allow anticipated collection costs in FDCPA case); see Anderson v.

10 Ross Island Sand & Gravel Co., No. 3:18-CV-00898 SB, 2018 WL 5993581, at *5 (D. Or. Oct.

11 24, 2018) ("In the absence of controlling authority or express contract terms, the Court

12 recommends that the district judge decline to award anticipated fees or costs."), report and

13 recommendation adopted, No. 3:18-CV-00898-SB, 2018 WL 5985671 (D. Or. Nov. 12, 2018);

14 Middlesworth v. Oaktree Collections, Inc., No. 1:09-cv-601 OWW BAK SMS, 2009 WL

15 3720884, at *2 (E.D. Cal. Nov. 3, 2009) (denying request for anticipated collection costs incurred

16 in enforcing a judgment for lack of cited authority supporting anticipated costs).

17  **IV.  CONCLUSION**

18     Based on the foregoing, IT IS RECOMMENDED:

19     1.     Plaintiff's motion for default judgment (ECF No. 27) be granted in part and denied

20 in part, as set forth herein;

21     2.     Judgment be entered for plaintiff and against defendants as follows:

22            a.  Outstanding balance of funds advanced and unpaid totaling $350,000.00; plus

23            b.  Accrued annual default interest at the rate of 14% per year on the unpaid funds,

24 which brings the total amount of the principal and interest due to $848.062.53 as of June 1, 2021;

25 plus

26            c.  Interest which will continue to accrue at the contractual rate of 14% on the

27 unpaid loan amount until the date on which judgment is entered, which amounts to $136.11 per

28 day; plus

12

       d.  Interest at the statutory rate in 28 U.S.C. § 1961 on the foregoing amounts from the date of entry of judgment until paid in full; plus

       e.  Costs of suit in the amount of $6,079.41; plus

       f.  Reasonable attorneys' fees in the amount of $9,785.00; and

    3.     Plaintiff be adjudged the holder of the first preferred maritime mortgage on the MV Sierra Rose, Official Number 1177228, for payment of the judgment in rem; and

    4.     The court declare the lien of the Mortgage to be superior to all other liens which may exist against the Vessel; and

    5.     The Mortgage be foreclosed and the defendant Vessel, MV Sierra Rose, Official Number 1177228, her engines, tackle, apparel, furniture, appurtenances and equipment be sold in accordance with Local Rule 570, that the proceeds of the sale be applied and delivered to pay the demands and claims of plaintiff in the amount and to the extent set forth herein, together with all costs and attorneys' fees, and that it be declared that any and all persons, firms and corporations claiming any interest in the Vessel be forever foreclosed of and from all rights of equity or redemption of claim in or to the Vessel; and

    6.     At the sale of the MV Sierra Rose, Official Number 1177228, her engines and equipment, etc., plaintiff be permitted, but not required, to credit bid without cash deposit up to the extent of its judgment; and

    7.     Plaintiff be awarded against defendant Sierra Rose LLC any deficiency after the application and delivery of the net proceeds of sale of the Vessel, her engines, tackle, etc., on the judgment; and

    8.     The request for late charges or collection charges in the amount of $42,690.28 over and above the $848.062.53 total be denied; and

    9.     The request for future or anticipated post-judgment collection costs be denied without prejudice to renewal if adequately supported.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1    objections with the court and serve a copy on all parties. Such a document should be captioned

2    "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

3    objections shall be served and filed within fourteen days after service of the objections. The

4    parties are advised that failure to file objections within the specified time may waive the right to

5    appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6    Dated:  July 20, 2021

7    _____
     CAROLYN K. DELANEY
8    UNITED STATES MAGISTRATE JUDGE

9

10   8.CapOne19cv1911.mdj

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28